IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>CB ORADELL, LLC,<br><br>　　　　　　　　　　　　Debtor(s). | Case No. BK-20-12975-SAH<br>Chapter 7 |

**TRUSTEE'S MOTION TO SELL LIQUOR LICENSE AT PRIVATE SALE FREE AND CLEAR OF LIENS, CLAIMS, AND OTHER ENCUMBRANCES, AND BRIEF; AND <u>NOTICE OF OPPORTUNITY FOR HEARING, AND NOTICE OF HEARING</u>**

The Chapter 7 Trustee, Susan Manchester, moves this court to enter its Order permitting Trustee to sell the bankruptcy estate's interest in and to Plenary Retail Liquor License No. 201-446-1698[1] in Borough of Oradell, New Jersey free and clear of liens, claims, and other encumbrances as authorized by 11 U.S.C. §§ 102(1), 105(a), 363(f); Fed.R.Bankr.P. 2002, 6004, 9013, and 9014; and Local Rules 2002-1 and 6004-1. In support of this Motion, Trustee states as follows:

## JURISDICTION

1. The court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before the court pursuant to 28 U.S.C. §§ 1408 and 1409.

## MATERIAL FACTS

4. Trustee Susan Manchester is a member of the panel of private Trustees established under 28 U.S.C. § 586(a)(1). Susan Manchester was appointed by the United States Trustee as the Chapter 7 Trustee in the case. Trustee, being duly qualified, has acted as Trustee in this case since her appointment and qualification.

5. Trustee intends to sell all of the bankruptcy estate's right, title, and interest in

---

[1] More specifically, Plenary Retail Liquor License No. 201-446-1698 and to Plenary Retail Liquor License No. 201-446-1698 in Borough of Oradell, New issued by the State of New Jersey to Debtor and identified in Debtor's bankruptcy schedules at B.62 (Doc. 1, at p. 14).

and to Plenary Retail Liquor License No. 201-446-1698 in Borough of Oradell, New Jersey (the "Liquor License").

6. Trustee intends to sell the Liquor License by private sale to FEO3, LLC (address: c/o Buzzetti and Associates, LLC, 467 Sylvan Avenue, Englewood Cliffs, New Jersey 07632), for the purchase price of $500,000.00. The private sale will be conducted on or about one hundred twenty (120) days from an entry of Order to Sell Free and Clear of Liens. As part of the sale transaction, the parties intend to enter into a Liquor License Purchase Agreement in substantially the form attached hereto as Exhibit A.

7. In the event any other potential purchaser wants to make an offer to purchase the Liquor License, a response must be filed as stated below. In the event Trustee receives additional offers to purchase the Liquor License after the filing of this Motion but before the entry of the Order granting this Motion, Trustee will consider such offers as long as each subsequent offer exceeds the previous offer by $5,000. In the event a purchaser other than FEO3, LLC, is the highest and best bidder, that purchaser must agree to the terms and conditions of the Liquor License Purchase Agreement in substantially the form attached hereto as Exhibit A.

8. The Liquor License will be sold "as is", without warranty, recourse, or representation, except as otherwise provided in Exhibit A.

9. Trustee seeks the order of this Court permitting Trustee to sell the Liquor License other than in the ordinary course of business free and clear of any and all liens, claims, or other encumbrances, including those described below.

10. Praesidian Capital Opportunity Fund III, L.P., and Praesidian Capital Opportunity Fund III-A, L.P., (collectively, "Praesidian Capital") may claim a security interest in the Liquor License[2].

11. Trustee reserves the right to move for an Order from the Bankruptcy Court confirming the sale of the Liquor License.

## ARGUMENTS AND AUTHORITIES

**I. The court should approve this sale by private sale.**

Although Section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the use, sale or lease of assets, courts generally require that it be based upon the sound business judgment of the Trustee. See *Equity Sec. Holders v. Lionel Corp.* (In re Lionel), 722 F.2d 1063 (2nd Cir. 1983), and *In re Murphy*, 288 B.R. 1, 5 (D. Me. 2002).

Further, where a Trustee proposes to sell estate assets, the Trustee's business judgment is subject to great judicial deference and should be approved unless it is shown that the Trustee acted in an irrational, arbitrary, or capricious manner. *In re Murphy* at 5. Some of the factors to be considered by the court in approving a sale under Section 363 include whether a reasonable business purpose exists for the sale, whether there has been accurate and reasonable notice, whether the price is fair and reasonable, and whether insiders are benefiting from the sale.

**II. The court should authorize the sale of the Liquor License free and clear of all liens, claims, and other encumbrances.**

Pursuant to Section 363(f):

---

[2] Although Praesidian Capital may claim a security interest in the Liquor License, New Jersey law does not allow a creditor to obtain a security interest in any right associated with a liquor license, including the proceeds of its sale. *In re Circle 10 Rest., LLC*, 519 B.R. 95, 137 (Bankr. D.N.J. 2014).

> The Trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankuptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents:
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The Court may approve a sale "free and clear" of liens, claims, and other encumbrances if any one of Section 363(f)'s subsections is met. Finally, Fed.R.Bankr.P. 6004(f)(1) permits sales outside the ordinary course of business to be made by either public or private sale. In the instant case, to the extent that any other person or entity may have an interest in the Liquor License, Trustee requests that the Liquor License be sold free and clear of such interests.

### III. Relief Requested

Trustee requests an Order of the court permitting Trustee to sell the Liquor License free and clear of liens, claims, and other encumbrances at a private sale as set forth above. Trustee further requests that the Order waive the fourteen day stay of Fed.R.Bankr.P.6004(h).

### NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the court to grant the requested relief, or you wish to have your rights considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A McGee Avenue, Oklahoma City, OK 73102, no later than 21 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. **The 21 day**

period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).

Respectfully submitted,

s/SUSAN MANCHESTER
SUSAN MANCHESTER, OBA#8825
1100 N. Shartel Ave
Oklahoma City, OK 73103
(405) 278-8880
susanmanchester@sbcglobal.net

## NOTICE OF HEARING

**NOTICE IS HEREBY GIVEN** that a hearing **will be held telephonically on February 3, 2021 at 9:30 a.m. before the Honorable Judge Sarah A. Hall,** of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102. If no response is timely filed and the court grants the requested relief prior to the above-referenced hearing date, the hearing date, the hearing will be stricken from the docket of the Court.

**For hearings with Judge Sarah A. Hall, call-in information is as follows:**

**Phone Number:**     866-590-5055

**Access Code:**      4489321

All counsel and parties are directed (1) that all participants shall mute the phone when it is not their case, (2) that no participant shall use a "speaker" function, and (3) that no participant shall place the call on hold (in order for the Court and other participants to avoid hearing hold music or other noises that detract from the proceeding and audio recording of same).

Parties wishing to object to the Motion should file a written objection and serve Movant with a copy of same within **twenty-one (21) days** from the date of this notice. You may review the Motion at the Bankruptcy Court Clerk's office or obtain a copy from the Movant.

The above hearing may result in an Order by this Court allowing or disallowing the Motion of counsel.

**NOTICE IS FURTHER GIVEN** that a copy of this Notice was mailed to all parties as shown on the Certificate of Mailing herein.

# LIQUOR LICENSE PURCHASE AGREEMENT

**THIS AGREEMENT ("Agreement"),** made on this ___ day of January 2021 ("Effective Date"), by and between Susan Manchester, Chapter 7 Trustee of the bankruptcy estate of CB Oradell, LLC-#201-446-1698, Case No. 20-12975, with an address at 1100 N. Shartel Avenue, Oklahoma City, Oklahoma 73103, hereinafter the "Seller", and FEO3 LLC, with an address at c/o Buzzetti and Associates, LLC, 467 Sylvan Avenue, Englewood Cliffs, New Jersey 07632, hereinafter the "Buyer." Seller and Buyer are individually referred to as a "Party" and collectively as "Parties."

## WITNESSTH:

**WHEREAS,** the Seller wishes to sell all the bankruptcy estate's interests in a certain pocket liquor license No.: 201-446-1698, in the Borough of Oradell, New Jersey ("License") and Buyer wishes to buy all of Seller's interest in such License;

**NOW THEREFORE,** for and in consideration of the mutual promises and covenants contained herein and other good and valuable consideration, the Parties agree as follows:

1. **Payment of Purchase Price.** The Buyer will pay the sum of Five Hundred Thousand ($500,000.00) as the purchase price ("Purchase Price"), and the Purchase Price shall be paid for as follows:

   | | |
   |---|---|
   | Upon execution of this Agreement ("Deposit") | $50,000 |
   | Balance to be paid at closing of title, in cash or by certified or bank cashier's check (subject to adjustment at closing) | $450,000 |

   TOTAL                                                                                  $500,000

2. **Deposit Moneys**. The Deposit will be held in the non interest bearing Attorney Trust Account of the Attorneys for Purchaser, Albert Buzzetti and Associates, LLC (hereinafter referred to as the "Escrow Agent") at ConnectOne Bank until the Closing Date, as the term is herein defined in Section 3 of the Agreement and upon receipt of the Deposit the Escrow Agent shall provide proof of receipt and deposit of same to the Seller. If Closing does not occur as specified in Section 3 below or as a result of any Seller misrepresentation of Seller's covenants and representations, set forth in Section 8, then Buyer shall, at its option, have the right to terminate the Agreement and receive a refund of the Deposit and neither Party shall have any further obligations or liabilities towards the other.

3. **Time and Place of Closing.** The closing date cannot be made final at this time. The Buyer and Seller agree to close on or about one hundred twenty (120) days from the date of the approval of the Bankruptcy Court of this Agreement subject to Section 3(D) below ("Closing Date"). Both parties will fully cooperate so the closing can take place on or about the Closing Date. The closing will take place at the offices of Buyer's counsel located at,

1

Albert Buzzetti and Associates, LLC, 467 Sylvan Avenue, Englewood Cliffs, NJ 07632. Seller will not be required to be present at closing.

A. Within seven (7) days from receipt of the fully executed Agreement and Deposit, Seller shall forward to Buyer an executed Consent to Transfer Liquor License and any other requested documents necessary for said transfer.

B. Buyer within twenty-one (21) days of receipt of Consent of Transfer shall file the Liquor License Transfer Application with the appropriate governmental authorities.

C. Buyer shall at its own cost and expense, make prompt application for the transfer of said license, and diligently pursue all procedures prescribed by the governing authorities in order to obtain from the pertinent governmental authorities, approval for transfer of the subject license.

D. The transfer of said license shall occur on or about one hundred twenty (120) days of the date of the approval of this Agreement by the Bankruptcy Court subject to the satisfaction of the contingencies noted in Section 24 of this Agreement ("Closing Date"). In the event that Buyer's contingency noted in Section 24 of obtaining successful approval to transfer the liquor license being sold herein, by the ABC of Oradell and State ABC are not satisfied by the Closing Date, Buyer shall be entitled to two (2) thirty (30) day extensions to satisfy such contingency. In the event approval for the transfer of the subject license has not been obtained and Buyer has acted in good faith, in processing the application after the periods of time (original 120 days and the two 30 day extensions), then in that event either Party may void this Agreement and the Deposit shall be promptly returned to Buyer and neither Party shall have any liabilities or obligations towards each other.

4. **Contingencies.**

(a) After execution of this Agreement by all parties and upon being furnished with a consent to transfer executed by Seller as set forth in Section 3, Buyer shall, at its sole cost and expense, make an application to the governing body of the Borough of Oradell, for the person-to-person transfer of the Liquor License from Seller to Buyer. In the event the application for transfer of the Liquor License from Seller to Buyer is denied for a reason other than a Buyer's breach, denial through no fault of the Buyer, or conditioned by the governing body of the Borough of Oradell which materially restricts the intended use of the Liquor License, this Agreement shall be deemed null and void, and upon written notice thereof, the Deposit shall be promptly refunded to Buyer and upon receipt thereof, neither Party shall have any further obligations or liability to the other.

(b) Seller has made application for and received approval from the Court to sell the Liquor License to Buyer. This Agreement is contingent upon the successful approval to transfer the liquor license being sold herein, by the ABC of Oradell and State ABC, if appropriate, for the transfer of the existing Plenary Retail Consumption license to Purchaser and approval to activate the subject license at a location to be established. The Buyer hereby

2

acknowledges that it is responsible for applying for and completing all the requirements imposed by the municipal body regulating the issuance and transfer of liquor license in Oradell, Bergen County. The Seller represents that it has done no act in breach of law or otherwise that affects the transferability of the subject license.

5. **Seller's Obligation under this Contract.** In the event that Seller is not able to comply with the terms of this Agreement and/or transfer of the subject license within the terms stated herein, then in that event this Agreement may be voided by either Party. All deposit moneys shall be returned to Buyer and there shall be no liability or further obligation by either Party under this Agreement.

6. **Liquor License Renewal**. The Buyer shall be responsible for paying the unamortized cost of the renewal fee for the liquor license at Closing.

7. **Adjustment at Closing:** The Seller shall pay the State of New Jersey's Alcoholic Beverage Control's liquor license renewal fee for the year 2020-2021 and any renewal fee charged by the Borough of Oradell for the 2020-2021 year as it pertains to the License. Both the State of New Jersey's Alcoholic Beverage Control's liquor license renewal fee and Oradell's liquor license renewal fee shall be pro-rated on a per diem basis whereby the cost of the liquor license renewal fee shall be multiplied by a fraction where the number of days elapsed since the renewal date of the Liquor License shall be the numerator and 365 days shall be the denominator. The difference between the resulting number and the liquor license renewal fee for the 2020-2021 year shall be the amount Buyer shall reimburse to Seller for payment of the yearly liquor license renewal fee.

8. **Bulk Sales:** The Parties hereby acknowledge that pursuant to N.J.S.A. 54:32B-22(c) and N.J.S.A. 54:50-38, Purchaser is required to notify the Director of the Division of Taxation in the Department of the Treasury of the State of New Jersey (the "Department") at least ten (10) business days prior to the closing, of the proposed sale and of the price, terms, and conditions of the transaction. Purchaser shall submit a signed and dated Form C-9600 with all required information to Seller's counsel within 30 days of the effective date of this Agreement. Seller's counsel shall then cause same to be filed with the Department within seven (7) business days and provide a copy of the transmittal letter to Purchaser's counsel. Seller shall have the right to include an Asset Transfer Tax Declaration along with the notice. If the Department determines that any or all of Seller's proceeds are to be held in escrow following the closing, then such funds as determined by the Department shall be held in escrow in a Trust Account of Albert Buzzetti and Associates, LLC (Albert Buzzetti) (hereinafter referred to as the "Bulk Sales Escrow Agent") until such time as the parties are in receipt of a tax clearance letter from the Department authorizing the release of the escrow. Upon receipt of notice of the sums owed to the State of New Jersey, the Bulk Sales Escrow Agent shall disburse such amounts from the escrow in satisfaction of such outstanding obligation. The escrow established shall not terminate until the requirements of the Division of Taxation in establishing the escrow have been satisfied as evidenced by a clearance letter at which time the balance remaining if any shall be remitted to or on behalf of Seller and sent via overnight mail to the Seller's attorney. In the event that the

net proceeds of the sale are not sufficient to pay the amount, if any, required to be paid to the State of New Jersey Division of Taxation for Bulk Sales plus the bankruptcy estate's administrative expenses (the "Deficiency"), then either party shall have the right to terminate the Contract on ten (10) calendar days advanced written notice to the other party. Seller's notice to Purchaser shall state in writing the Deficiency and outline the exact administrative expenses of the bankruptcy estate and Seller's notice pursuant to this provision shall trigger a right of Purchaser within ten (10) calendar days of receipt of Seller's Notice to elect to pay the Deficiency and proceed with the purchase pursuant to this Agreement with payment of the Deficiency at Closing in addition to the Purchase Price. If Purchaser fails to make such election in writing within ten (10) calendar days of receipt of notice from Seller pursuant to this Section, then Purchaser shall be deemed to have elected to terminate this Agreement. Upon a termination of the Contract pursuant to this Section of the Agreement, the Deposit shall be promptly refunded to the Purchaser. This section shall survive the closing of the transaction.

9. **Escrows:** Except as set forth otherwise in the Paragraph immediately above, if applicable, the Seller agrees to permit the Buyer to retain in escrow, out of the proceeds of the closing, the amount requested by the Division of Taxation, Department of the Treasury of the State of New Jersey, or other taxing authority, to be held in escrow against payment of any taxes that may be determined to be due from the Seller. The amount of the escrow shall be the amount so requested to be held by the Division of Taxation or other taxing authority, and said amount shall be held in escrow by the attorney for the Buyer ("Escrowee"). In the event the taxing authority demands that any or all of the escrowed amount be paid to it in full or partial satisfaction of taxes determined to be due, the Escrowee shall be authorized to apply to the taxing authority the amount so demanded, unless it receives written instruction to the contrary from the Seller within five (5) days from the date the Seller received notification from the Escrowee. Any balance remaining after payment to the taxing authority of the final amount demanded shall be paid to the Seller.

In the event of a dispute between the Seller and the taxing authority as to the Seller's indebtedness as determined by the taxing authority, the Escrowee may, but shall not be required to deposit the entire amount of the escrow with the United States Bankruptcy Court for the Western District of Oklahoma in an action in interpleader. So long as the Escrowee acts in accordance with the terms of this paragraph, the Escrowee shall be relieved of all liability to the Seller for any sums so held in escrow. This provision of the Contract shall survive the closing of title.

10. **Seller Covenants / Representations:**

Seller warrants and represents, to the best of his knowledge, and agrees that she will make the same representations at the time of closing as follows:

(a) that subject to Bankruptcy Court approval in Case No. 20-12975 (USBC WD OK), Seller has now and will have at closing, full power to and has taken all action necessary

4

to, enter into and perform this Agreement; and that the execution, delivery and performance of this Agreement does not constitute a violation of any instrument to which Seller may be bound;

(b) that the bankruptcy estate owns, holds, and has all privileges of the License free and clear of any claims, liens or encumbrances;

(c) that Seller will deliver a properly executed bill of sale at closing;

(d) that Susan Manchester as the Chapter 7 Trustee of CB Oradell, LLC, Case No. 20-12975 SAH, is the duly authorized signatory on behalf of the Seller and has the power to bind the Seller and consummate this transaction and Agreement, subject to Bankruptcy Court approval;

(e) that there are not now, or at the time of closing, any pending disciplinary actions against the License, either by Oradell or the New Jersey Division of Alcoholic Beverage Control, known to Seller, or of which Seller has actual or constructive knowledge, and there have been no investigations of Seller or its License within the past one (1) year prior to the effective date of this Agreement;

(f) that the License is presently inactive but the License is not now suspended, revoked or invalidated and no special limitation has ever been placed on the License.

(g) that there are no alcoholic beverage taxes or any other taxes due under any tax law of the State of New Jersey, nor are there any outstanding bills for the purchase of alcoholic beverages under the Seller's license, so that the License is not subject to attachment under New Jersey laws in accordance with N.J.S.A. 33:1-26 nor to any outstanding notice of obligation or notice of delinquency under N.J.S.A. 13:2-24.4;

(h) that there are no outstanding penalties for any violations nor are there any unserved suspensions;

(i) Seller warrants that it has not entered into any contract which would obligate the Buyer beyond the closing date;

(j) that Seller knows of no outstanding liabilities, debts, claims, security interests, judgments, encumbrances, or other obligations of the License;

(k) that there are no lawsuits or administrative proceedings pending or threatened against the Seller affecting the License; that there will be no pending disciplinary action against the License, either by the Borough of Oradell or the New Jersey Alcoholic Beverage Control, known to Seller or which Seller had actual or constructive knowledge;

5

(l) Seller, to the best of its knowledge, represents that the subject liquor license is free and clear of any present violations, suspensions and/or penalties imposed by any governmental authorities. In the event the license is not clear, then Seller shall take the necessary steps to remedy any problems affecting the license. If Seller is unable to resolve the problem and deliver a license free and clear of violations and/or penalties within 45 days of being advised of the problem, then either party may void this Agreement. Seller further represents that there may have been prior violations, suspensions and/or penalties in its past history, but if any, same have been served, said License is free and clear of any debts. In the event that there is any debt affecting the License, Seller shall at its own expense clear and/or pay same prior to or on the date of transfer of this License, as determined by the proper governmental authority. Any amount owed to a liquor distributor may be deducted from the sale price at the time of closing;

(m) The Seller will take all necessary steps to renew the license for the 2020/2021 year;

(n) The Seller warrants that all taxes including but not limited to taxes required by the provisions of the Alcoholic Beverage Tax Act; sales tax, income taxes, social security and unemployment compensation, both Federal and State, or any other levies that might be assessed or imposed as a lien against said License including creditors, have been or will be filed and/or satisfied by closing and there is no claims, suit or any cause of action now pending against the Seller, and that the same situation will apply at the time of closing.

11. **Seller's Closing Deliveries:** At the closing, subject to the terms and conditions of this Agreement, the Seller shall deliver to the Buyer the following:

(a) The Seller shall deliver to the Buyer a Bill of Sale which shall be effective to vest in the Buyer good and marketable title to the License free and clear of any liens or encumbrances; and

(b) The Seller shall deliver such reasonably necessary documents as may be required to effectuate the transfer of the License to the Buyer.

12. **Cooperation of Seller:** Seller, at no cost, expense or liability to Seller, agrees to execute all documents and certificates required in Purchaser's application for transfer of the License, including, but not limited to, a Consent to Transfer, which will be executed and delivered to Buyer immediately upon execution of this Agreement. Seller agrees to cooperate fully and promptly with Buyer in regard to Buyer's License transfer applications and to do all things reasonably necessary to aid Buyer with regards to such applications.

13. **Taxes:** The Seller shall be solely responsible for any tax liability resulting from the sale of the License to Purchaser. Seller shall indemnify and hold Purchaser harmless from all

6

claims of tax liability as a result of the sale of the License described herein. This section shall survive the closing of this transaction.

14. **Intentionally Omitted.**

15. **Assignment.** This Agreement may not be assigned by either party without the prior written consent of the other. Such written consent shall not be unreasonably withheld, conditioned, or delayed. However, Buyer shall have a one (1) time right to assign and transfer its obligations under the Agreement to an entity that is owned or controlled in whole or part by Vince Feorenzo, Dawn Feorenzo, and Michael Feorenzo.

16. **Communication From Governmental Authorities:** Seller shall serve upon Buyer a copy of any notice received from the Division of Alcoholic Beverage Control; Borough of Oradell; or any other governmental entity or subdivision thereof with regard to the License within seven (7) days of receipt thereof. Buyer shall provide status updates to Seller upon request for same as to the status of its application for the transfer.

17. **Cancellation of Contract:** If this Agreement is legally and rightfully cancelled, the Seller will return to the Buyer the Deposit and the parties will be free of liability and obligations to each other.

18. **Commission or Payments:** The Seller shall pay CBRE, Inc. its commission subject to approval of this transaction by the bankruptcy court as stated in the application and Order approving employment filed in the bankruptcy case. Both Parties represent and warrant that they have not dealt with any other brokers as it pertains to this Agreement. The Parties shall indemnify each other and hold it harmless against any claim for brokerage or other commissions relative to this Agreement or to the transaction contemplated hereby.

19. **Notices:** All notices to be given pursuant to the terms of this Agreement shall be made in writing. The notices must be delivered either e-mailed, personally, mailed by certified mail return receipt requested, regular mail, or facsimile transmission with proof of receipt, to other party at the address written in this contract or facsimile number provided. A copy of any notice to Buyer shall also be provided to Buyer's attorney, Albert Buzzetti, Esq. at 467 Sylvan Ave, Englewood Cliffs, NJ 07632 and emailed to abuzzetti@tristatelaw.com. A copy of any notice to Seller shall also be provided to Seller's attorney, Susan Manchester, at 1100 N. Shartel Avenue, Oklahoma City, Oklahoma 73103 and emailed to susanmanchester@sbcglobal.net

20. **Entire Agreement:** This Agreement contains the entire understanding among the parties, and it may not be modified or altered in any manner except by an Agreement in writing executed by the parties in the same manner as this Agreement.

21. **Paragraph Headings:** The paragraph headings contained in this Agreement are included by way of explanation only, and shall not be deemed part of this Agreement.

22. **Applicable Law**: This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey applicable to a contract executed and performed in the State of New Jersey, without giving effect to the conflicts of law principles thereof. Any action arising out of this Agreement must be commenced by the Buyer or Seller in The United States Bankruptcy Court for the Western District of Oklahoma, and each party hereby consents to the jurisdiction of such court in any action and to the laying of venue therein.

23. **Gender and Number:** As used herein and wherever necessary or appropriate, one gender and shall be deemed to include a mean either of the other two, and the singular number shall include the plural and vice versa.

24. **Survival of Terms of Contract:** The warranties, covenants and promises herein contained shall not merge in but shall survive the closing and the deliverance of the bill of sale and become a part thereof and shall continue in full force and effect as though set forth at length therein, but in no event shall the warranties, covenants and promises of Seller extend beyond the entry of the final decree and discharge of the Chapter 7 Trustee in CB Oradell, LLC, Case No. 20-12975 SAH.

25. **Binding Effect:** This Agreement shall be for and shall insure to the benefit of and shall be binding upon the parties, their heirs and personal representatives, and their successor and assigns.

26. **Right to Assign:** Buyer shall have the right to assign its rights and obligations under this Agreement to an entity that is owned or duly controlled by the Buyer or its members.

27. **Counterparts:** This Agreement may be executed in any number of identical counterparts, and each counterpart hereof shall be deemed to be an original instrument, but all counterparts hereof taken together shall constitute but a single instrument. This Agreement and any amendment shall be binding if executed with an original signature, by facsimile signature, by email through portable document format ("pdf") signature or by DocuSign electronic signatures.

THE REMAINDER OF THIS PAGE HAS BEEN LEFT INTENTIONALLY BLANK.

**IN WITNESS WHEREOF**, the parties have signed, sealed and delivered this Agreement the day and year written below.

SELLER

Susan Manchester, Case No. 201-12975 SAH


_____   DATE _____
SUSAN MANCHESTER

BUYER
FEO3 LLC


_____   DATE_____

**CERTIFICATE OF MAILING**

      I hereby certify that on this filing date a copy of the above and forgoing document was forwarded via U.S. Mail, first class postage prepaid and properly addressed to the following addresses shown below and on the attached Matrix.

Jason Drattell, Manager
Praesidian Capital Opp. Fund III-A, L.P.
2 Madison Avenue
Larchmont, NY 10538-1947


Praesidian Capital Opp. Fund III-A, L.P.
c/o Sam Bratton II, Esquire
Doerner, Saunders, Daniel & Anderson
Two West 2nd Street, Suite 700
Tulsa, OK 74103-3117

                                                  s/SUSAN MANCHESTER
                                                  SUSAN MANCHESTER

```
Label Matrix for local noticing          CB Oradell, LLC                          USBC Western District of Oklahoma
1087-5                                   14504 Hertz Quail Springs Pkwy           215 Dean A. McGee
Case 20-12975                            Oklahoma City, OK 73134-2629             Oklahoma City, OK 73102-3426
Western District of Oklahoma
Oklahoma City
Mon Jan  4 15:15:27 CST 2021

Active Associates, Inc.                  Active Associates, Inc.                  Alampi & De Marrais
1 Aspen Court                            1 Aspen Ct.                              Attn: Santo T. Alampi, Esq.
Paramus, NJ 07652-3301                   Paramus, NJ 07652-3301                   One University Plaza, Suite 404
                                                                                  Hackensack, NJ 07601-6204


Borough of Oradell                       CB Chatham, LLC                          CB Denville, LLC
355 Knderkamack Road                     14504 Hertz Quail Springs Parkway        14504 Hertz Quail Springs Parkway
Oradell, NJ 07649-2182                   Oklahoma City, OK 73134-2629             Oklahoma City, OK 73134-2629


CB East Brunswick, LLC                   CB East Windsor, LLC                     CB Edison, LLC
14504 Hertz Quail Springs Parkway        14504 Hertz Quail Springs Parkway        14504 Hertz Quail Springs Parkway
Oklahoma City, OK 73134-2629             Oklahoma City, OK 73134-2629             Oklahoma City, OK 73134-2629


CB Lacey, LLC                            CB Lakewood, LLC                         CB Millburn, LLC
14504 Hertz Quail Springs Parkway        14504 Hertz Quail Springs Parkway        14504 Hertz Quail Springs Parkway
Oklahoma City, OK 73134-2629             Oklahoma City, OK 73134-2629             Oklahoma City, OK 73134-2629


CB Old Tappan, LLC                       CB Restaurants, Inc.                     CB Silverton, LLC
14504 Hertz Quail Springs Parkway        14504 Hertz Quail Springs Parkway        14504 Hertz Quail Springs Parkway
Oklahoma City, OK 73134-2629             Oklahoma City, OK 73134-2629             Oklahoma City, OK 73134-2629


CB Staten Island, LLC                    CB Washington TWSP, LLC                  CB Wayne, LLC
14504 Hertz Quail Springs Parkway        14504 Hertz Quail Springs Parkway        14504 Hertz Quail Springs Parkway
Oklahoma City, OK 73134-2629             Oklahoma City, OK 73134-2629             Oklahoma City, OK 73134-2629


CB Westampton, LLC                       CB Woodbury, LLC                         CHBR Fishkill, LLC
14504 Hertz Quail Springs Parkway        14504 Hertz Quail Springs Parkway        14504 Hertz Quail Springs Parkway
Oklahoma City, OK 73134-2629             Oklahoma City, OK 73134-2629             Oklahoma City, OK 73134-2629


Comcast                                  (p)DIRECTV LLC                           Doerner, Daniel & Anderson, LLP
495 Prospect Ave., Suite 509             ATTN BANKRUPTCIES                        Attn: Sam Bratton, II, Esq.
West Orange, NJ 07052-4100               PO BOX 6550                              Two West 2nd St., Ste. 700
                                         GREENWOOD VILLAGE CO 80155-6550          Tulsa, OK 74103-3117


Ecolab                                   Frederick & Son Knife & Slicer Co.       Ice Miller, LLP
Attn: Rob Hutcherson                     575 N. Route 73                          Attn:John D. Giampolo, Esq.
1 Ecolab Place                           Berlin, NJ 08091-9289                    1500 Broadway, 29th Floor
St. Paul, MN 55102-2739                                                           New York, NY 10036-4095
```

| | | |
|---|---|---|
| NetWolves<br>4710 Eisenhower Blvd., Suite E-8<br>Tampa, FL 33634-6336 | New Jersey American Water Company<br>P.O. Box 371331<br>Pittsburgh, PA 15250-7331 | New Jersey Department of Taxation<br>Attn: Bankruptcy<br>P.O. Box 245<br>Trenton, NJ 08695-0245 |
| New Jersey Dept. of Taxation<br>Sales Tax<br>P.O. Box 999<br>Trenton, NJ 08695-0001 | NuC02<br>Attn: Jonathan Baza<br>2800 SE Market Place<br>Stuart, FL 34997-4965 | NuCO2 LLC<br>2800 SE Market Place<br>Stuart FL 34997-4965 |
| PSE & G<br>P.O. Box 14444<br>New Brunswick, NJ 08906-4444 | Pepsi<br>Attn: Crystal Gibbs<br>700 Anderson Hill Road<br>Purchase, NY 10577-1444 | Performance Food Group, Inc.<br>301 Heron Drive<br>Swedesboro, NJ 08085-1773 |
| Praesidian Capital Opp. Fund III, L.P.<br>2 Madison Avenue<br>Larchmont, NY 10538-1947 | Praesidian Capital Opp. Fund III-A, L.P.<br>2 Madison Avenue<br>Larchmont, NY 10538-1947 | Supreme Security Systems, Inc.<br>1565 Union Avenue<br>Union, NJ 07083-4770 |
| The PortaSoft Company, Inc.<br>469 South Avenue East<br>Westfield, NJ 07090-1468 | United States Trustee<br>United States Trustee<br>215 Dean A. McGee Ave., 4th Floor<br>Oklahoma City, OK 73102-3479 | Mark B. Toffoli<br>Gooding Law Firm<br>204 North Robinson Suite 650<br>Oklahoma City, OK 73102-6807 |
| Susan J. Manchester<br>1100 N Shartel<br>Oklahoma City, OK 73103-2602 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

DirecTV
P.O. Box 6550
Greenwood Village, CO 80155

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Jay Miller of CBRE, Inc. | (d)CB Restaurants, Inc.<br>14504 Hertz Quail Springs Pkwy<br>Oklahoma City, OK 73134-2629 | End of Label Matrix<br>Mailable recipients    45<br>Bypassed recipients    2<br>Total                  47 |